RECEIVED
IN LAKE CHARLES, LA.

FEB -5 2013

TONY R. MOORE, CLERK
BY_____
           DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **THELMA CLARK AND SHERMAN CLARK** | : | **DOCKET NO. 2:11-CV-02171-PM-KK** |
| VS. | : | **JUDGE MINALDI** |
| **BROOKSHIRE BROTHERS, LTD.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the court is the defendant, Brookshire Brothers' ("Brookshire") Motion for Summary Judgment [Doc. 10]. The plaintiffs, Thelma and Stanley Clark, filed a response [Doc. 12] and Brookshire filed a reply [Doc. 13]. For the reasons stated herein, Brookshire's motion will be GRANTED.

## FACTS

On November 20, 2010, Thelma Clark and Sherman Clark were shopping at Brookshire Brothers Grocery store No. 50 located in DeRidder, Louisiana.[1] The Clarks traveled through each aisle as they collected items to purchase.[2] After making their selections, the Clarks were waiting in line at the register when Ms. Clark realized that she had failed to procure a certain item.[3] She went back to the retail space in order to collect her missing item and, as she was walking through the dairy aisle, slipped and fell.[4] Immediately after Ms. Clark fell, she noticed a trail of a red liquid dotted (about the size of a U.S. quarter) on the floor from where she had

---

[1] Pl's Compl. at ¶ 7, [Doc 1-2].

[2] *See* Deposition of Thelma Clark, 112-118, Ex. to Pl.'s Opp. to Def.'s Mot. for Summ. J, [Doc. 12-2].

[3] *Id.*

[4] *Id.* at 119.

1

fallen to the end of the aisle.[5] Ms. Clark later testified that she had ventured down the same aisle moments earlier but did not notice the liquid on the floor at that time.[6] Neither Ms. Clark nor any other person has any specific knowledge about how the liquid came to be on the floor.[7] Further, there is no evidence to suggest the length of time the liquid was on the floor.[8]

Several individuals testified that the liquid was not smeared nor was it dried to any extent.[9] Further, no evidence suggests that any Brookshire employees were aware of the liquid.[10]

Ms. Clark is seeking damages for pain and suffering and for the extensive medical treatment she received as a result of the incident.[11] Mr. Clark is seeking damages for loss of consortium.[12]

## SUMMARY JUDGMENT STANDARD

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). The party moving for summary judgment is initially responsible for demonstrating the reasons justifying the motion for summary judgment

---

[5] *Id.* at 119-21.

[6] *Id.* at 117-18.

[7] *Id.* at 132-33; Ray Affidavit at ¶ 5; Records Affidavit at ¶ 6; Stine Affidavit at ¶ 4, Exs. to Def.'s Mot. for Summ. J., [Doc. 10-3] at 21-24, 30-31.

[8] [Doc 12-2] at 116-18.

[9] [Doc. 12-2] at 117-18, 133; [Doc. 10-3] at 21-24, 30-31.

[10] [Doc. 12-2] at 117-18.

[11] [Doc 1-2] at ¶ 6

[12] *Id.*

by identifying portions of pleadings and discovery that show the lack of a genuine issue of material fact for trial. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). The court must deny the moving party's motion for summary judgment if the movant fails to meet this burden. *Id.*

If the movant satisfies this burden, however, the nonmoving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* (quoting *Celotex*, 477 U.S. at 323). In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no genuine issue for trial, and thus a grant of summary judgment is warranted, when the record as a whole "could not lead a rational finder of fact to find for the non-moving party…" *Id.*

## LAW & ANALYSIS

The merchant liability "slip-and-fall" statute governs the plaintiffs' claims. *See Walthall v. E-Z Serve Convenience Stores, Inc.*, 988 F. Supp. 996, 999 (E.D. La. 1997), *aff'd*, 146 F.3d 868 (5th Cir. 1998). Brookshire qualifies as a "merchant" under the statute; therefore, Brookshire "owes a duty to persons who use [its] premises to exercise reasonable care to keep [its] aisles, passageways, and floors in a reasonably safe condition." La. R.S. 9:2800.6(A). In their negligence action against Brookshire, the plaintiffs have the burden of proving:

> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
> (2) [Brookshire] either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
> (3) [Brookshire] failed to exercise reasonable care. *Id.* at (B).

In Louisiana, a plaintiff in a slip-and-fall case must prove that "[t]he merchant either created or had actual or constructive notice of the condition which caused the damage, prior to

3

the occurrence." § 2800.6(B)(2). "Constructive notice," as defined by the statute, "means the claimant has proven that the *condition existed for such a period of time* that it would have been discovered if the merchant had exercised reasonable care...." § 2800.6(C)(1) (emphasis added).

> The statute does not allow for the inference of constructive notice absent some showing of this temporal element. The claimant must make a positive showing of the existence of the condition prior to the fall. A defendant merchant does not have to make a positive showing of the absence of the existence of the condition prior to the fall....
>
> Though there is no bright line time period, a claimant must show that 'the condition existed for such a period of time ...' Whether the period of time is sufficiently lengthy that a merchant should have discovered the condition is necessarily a fact question; however, there remains the prerequisite showing of some time period. A claimant who simply shows that the condition existed without an additional showing that the condition existed for some time before the fall has not carried the burden of proving constructive notice as mandated by the statute. Though the time period need not be specific in minutes or hours, constructive notice requires that the claimant prove the condition existed for some time period prior to the fall. This is not an impossible burden.

*White v. Wal-Mart Stores, Inc.*, 97-0393 (La. 9/1/97); 699 So.2d 1081, 1084-85 (footnote omitted).

In *White*, as in this case, the plaintiff presented evidence that a puddle existed at the time of the fall, but presented no evidence as to how long the puddle had been on the floor. *Id.* at 1086. The Louisiana Supreme Court found the evidence insufficient as a matter of law under § 2800.6 and entered judgment for the defendant. *Id.* Likewise, Ms. Clark has presented ample evidence that there was a liquid substance on the floor at the time of her slip and fall (and at least immediately before the slip and fall), but she has presented no evidence as to how long the liquid had been there or how the liquid got on the floor. Ms. Clark herself walked though the aisle moments before she fell and did not notice any liquid.[13] This suggests that the liquid was there

---

[13] [Doc 12-2] at 116-18.

for only a short period of time, at least a shorter period of time than Ms. Clark was in the store. Further, Ms. Clark confirmed that the liquid could not have been on the floor for a significant period of time, and other witnesses confirmed that the liquid was not on the floor for an extended period of time.[14]

There is a complete lack of evidence concerning how long the liquid had been on the floor prior to the accident. There is no bright-line time period which does or does not suffice to show consecutive notice. *Beninate v. Wal-Mart Stores, Inc.*, (La. App. 5 Cir. 1997); 704 So.2d 851, 855 (citing *White*, 699 So.2d 1081). But, the plaintiff must at least show that the hazardous condition existed for *some* time prior to the accident in order to survive a motion for summary judgment. *See id.* Additionally, the claimant must prove that the condition existed for such a period of time that it would have been discovered if the merchant had exercised reasonable care. *Cates v. Dillard Dept. Stores, Inc.*, 624 F.3d 695, 696 (5th Cir. 2010); *see also Abshire v. Hobby Lobby Stores, Inc.*, no. 2:08-CV-650, 2009 WL 1310893, at *3 (W.D. La., May 7, 2009). Ms. Clark only alleges that the dangerous condition existed *at the time of her fall*; she does not allege that the condition existed for *some* period of time before.[15] As a result, she cannot prove that the condition existed for any quantifiable amount of time. Therefore, there is insufficient evidence for the trier of fact to determine if it would have been reasonable for Brookshire to discover the defect.

Accordingly, under *White*, Ms. Clark's claim must fail. *See Gray v. Wal-Mart Louisiana, LLC*, no. 1:09-CV-1523, 2011 WL 4551460, at *2 (W.D. La. Sept. 29, 2010), *aff'd*, no.

---

[14] *Id.;* see also [Doc 12-3] at 21-24, 30-31.

[15] [Doc 12-2] at 116-18.

5

11-30946, 2012 WL 3205524 (5th Cir. Aug. 7. 2012) (noting that court may grant summary judgment where plaintiff (1) lacked knowledge regarding the length of time the puddle has been on the floor and (2) lacked knowledge about the cause of the puddle).

## CONCLUSION

For the reasons stated herein, Brookshire's Motion for Summary Judgment will be GRANTED and the plaintiffs' claims will be DISMISSED WITH PREJUDICE.[16]

Lake Charles, Louisiana, this 5 day of February, 2013.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

---

[16] Mr. Clark asserts a claim for loss of consortium as a result of injuries sustained by Ms. Clark. A loss of consortium claim is wholly dependent upon a recovery of the primary claim of the injured spouse. *See Choctaw, Inc. v. Wichner*, 521 So.2d 878, 881–82 (Miss.1988); *see also Lindsey v. Sears Roebuck & Co.*, 846 F. Supp. 501, 507 (S.D. Miss. 1993) *aff'd*, 16 F.3d 616 (5th Cir. 1994). Since the plaintiff's motion for summary judgment will be granted, it is appropriate for this court to dismiss Mr. Clark's claims for loss of consortium. *See Gray*, 2011 WL 4551460, at *1-2 (court dismissed a wife's consortium claims after summary judgment was granted in favor the plaintiff).